**In re Ronald Gene CLAYBURN and Tanya Deanne Clayburn, Debtors.**

**In re Perry D. BAXTER, Debtor.**

**In re Patricia D. MIMS, Debtor.**

**Bankruptcy Nos. 89–05240 (13), 89–07932 (13) and 89–09603 (13).**

United States Bankruptcy Court, N.D. Alabama.

March 28, 1990.

Thomas M. Semmes, Anniston, Ala., for debtors.

Harry P. Long, Anniston, Ala., Chapter 13 Standing Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

All of the above-styled bankruptcy cases are pending before this court under title 11, chapter 13, United States Code. In each case Continental Brokers, Inc., filed a claim for postpetition insurance premiums, to which the chapter 13 standing trustee has filed an objection. The term "debtor" herein includes both debtors in a joint case.

*Findings of Fact —*

The undisputed evidence presented at the contest-of-claim hearing revealed that each of the debtors obtained property insurance on the debtor's automobile from Continental Brokers, Inc., during the pendency of the bankruptcy case. Continental Brokers, Inc., filed a claim in each case for the monthly premium, which the debtor agreed would be paid by the chapter 13 trustee.

---

**3.** See footnote 2, above, for the assumption

upon which this conclusion is based.

The debtor did not modify the plan to provide that such insurance premiums be paid by the trustee. Neither the debtor nor Continental Brokers, Inc., contacted the chapter 13 trustee before this obligation was incurred, and neither contends that obtaining her prior approval was impracticable.

The Court takes judicial notice that automobile property-damage insurance is needed to avoid stay [1] litigation by the lienholders and to avoid objections to chapter 13 plans as not providing adequate protection of the lienholders' property interests and, therefore, not proposed in good faith.[2] It further takes notice that the insurance is needed to protect property of the estates and avoid the need for the incurring of further debt from damage, destruction, or theft of the vehicles or from repossession by lienholders, following stay litigation.

It is implicit from the manner in which this issue was submitted to the Court that these are personal automobiles and "consumer debts"; therefore, these are deemed to be stipulated facts.

*Conclusions of Law —*

The trustee relies on 11 U.S.C. § 1305, in objecting to these claims. This section states that a postpetition claim may be filed by an entity which provided property or services necessary for the debtor's performance under the plan but "shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring this obligation was practicable and was not obtained."

The debtor's attorney attempts to counter this ban by asking the Court to classify these claims as administrative expenses under 11 U.S.C. § 503(b)(1)(A).[3] Administrative expenses include all the necessary and actual expenses of preserving the estate.[4] 11 U.S.C. § 503(b)(1)(A). Property insur-

ance on the debtor's automobile does appear to fall within the ambit of this definition.

Although this claim may be for an administrative expense, the claim is also a postpetition claim. The provisions of 11 U.S.C. § 503 and 11 U.S.C. § 1305 are not mutually exclusive. Consequently, a postpetition claim for a consumer debt for property or services necessary for the debtor's performance under the plan shall be disallowed if the claimant should have known prior approval by the trustee was practicable and was not obtained even if the debt could also be classified as an administrative expense.[5] Approval by the trustee of the acquisition of this debt was practicable and was not obtained; therefore, the trustee's objections to the claims of Continental Brokers, Inc. are due to be sustained.

---

1. 11 U.S.C. § 362.

2. 11 U.S.C. § 1325(a)(3).

3. Continental Brokers, Inc., filed a claim instead of a request for payment of an administrative expense as required by § 503(a).

4. See 11 U.S.C. §§ 541 and 1306.

5. Congress did not condition disallowance on whether the creditor "knew or should have known" that prior approval by the trustee was required.